UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AUDUMN DESHEA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-CV-228 NAB |
| KILOLO KIJAKAZI[1], Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Audumn Deshea Smith's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 18.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Smith's application.

**I.   Background**

On December 7, 2017, Smith applied for DIB and SSI, alleging that she had been unable to work due to disability since January 23, 2017. (Tr. 15, 225.) Smith alleged disability due to

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

depression, anxiety, numerous injuries from an auto accident, concussion, problems with right rotator cuff, nerve damage in back, back and neck pain, and torn ACL and left knee problems. (Tr. 224.) Her application was initially denied and she filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 108, 109. 118.) On November 7, 2019, the ALJ held a hearing on Smith's claim. (Tr. 35-73.) Smith was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on February 27, 2020, the ALJ found Smith was not disabled as defined in the Act from the alleged onset date through the date of the decision. (Tr. 29.) On March 23, 2020, Smith filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 187-89.) On September 25, 2020, the Appeals Council denied Smith's request for review, and adopted the ALJ's decision in full. (Tr. 1-3.)

## II.   Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled.  20 C.F.R. § 404.1520(a)(1). First, the

claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 404.1520(a)(4)(v).

**III.    The ALJ's Decision**

Applying the foregoing five-step analysis, the ALJ here found that Smith met the insured status requirements of the Social Security Act through December 31, 2022, and that she had not engaged in substantial gainful activity since January 23, 2017, the alleged onset date. (Tr. 18.) Next, the ALJ found that Smith has the following severe impairments: torn ACL of the left knee, status post two arthroscopic surgeries; transverse fracture in the cervical spine; right rotator cuff tendonitis; degenerative disc disease of the lumbar spine; headaches/occipital neuralgia; depression; anxiety; and a traumatic brain injury. The ALJ found that Smith's healed fracture of

the distal radius of the right forearm; history of displaced fracture of the right wrist; and tinnitus were not severe medical impairments. (Tr. 18.)

The ALJ determined that Smith did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that Smith had the residual functional capacity to perform light work with additional limitations. Specifically, the ALJ found that

> She can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead on the right. She can tolerate occasional exposure to extreme cold, excessive vibration, and hazards such as the use of dangerous moving machinery and exposure to unprotected heights. She is able to apply common sense understanding to carry out detailed but uninvolved instructions in the performance of simple, routine, and repetitive tasks in a work environment free of past-paced [sic] production requirements, involving simple work-related decisions with few, if any, workplace changes. She can have occasional interaction with the public and frequent interaction with coworkers and supervisors.

(Tr. 20-21.) The ALJ found that Smith was unable to perform any past relevant work. (Tr. 27.) Smith was 28 years old on the alleged disability onset date and considered a younger individual age 18-49, and she has at least a high school education and is able to communicate in English. The ALJ determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (Tr. 28.) Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that Smith can perform, including Folding Machine Operator (Dictionary of Occupational Titles (DOT) No. 208.685-014, light exertion level, approximately 76,000 jobs in the national economy), Linking Machine Operator (DOT No. 529.685-162, light exertion level, approximately 50,000 jobs in the national economy), and Patching Machine Operator (DOT No. 361.685-022, light exertion level, approximately 35,000 jobs in the national economy). (Tr. 29.)

Therefore, the ALJ concluded that Smith was not disabled, as defined in the Act, from January 23, 2017 through February 27, 2020. (Tr. 29.)

## IV. Standard for Judicial Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two

5

inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V.      Discussion**

Smith challenges the ALJ's decision, asserting that the ALJ erred in finding that Smith's right forearm and wrist fractures were not severe medical impairments. Specifically, Smith argues that "there is more than sufficient evidence" that Smith's right arm fractures were severe medical impairments, and because the ALJ did not consider the fractures severe impairments, the ALJ failed to take into consideration the grasping and manipulation problems Smith would have in her dominant hand. Defendant responds that the ALJ properly considered the evidence, explaining that the records did not reflect sustained treatment for Smith's right wrist fracture after her appointment on June 14, 2017, and that the records reflect the right forearm fracture and corresponding surgery and other treatment took place in 2015, before the January 23, 2017 alleged onset date.

At step two of the sequential process, the ALJ must determine that the claimant has a severe mental or physical impairment that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii); 416.909, 416.920(a)(4)(i)-(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); 20 C.F.R §§ 404.1520(c), 416.920(c). Basic work activities mean the abilities and aptitudes necessary to do most jobs, including physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b); 416.921(b). Although

6

this burden may not be high, it nevertheless remains the plaintiff's burden to establish that his impairment or combination of impairments is severe. *Mittelstedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000); 20 C.F.R. § 404.1512(a). If plaintiff cannot show that an impairment has more than a minimal effect on his ability to work, then the impairment is not severe. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). While this requirement may not be onerous, it is still not a "toothless standard." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

In this case, the ALJ acknowledged that he must determine whether Smith's impairments or combination of impairments are severe. (Tr. 16.) He found that Smith had the severe impairments of torn ACL of the left knee status post two arthroscopic surgeries, transverse fracture in the cervical spine, right rotator cuff tendonitis, degenerative disc disease of the lumbar spine, headaches/occipital neuralgia, depression, anxiety, and a traumatic brain injury. (Tr. 18.) He then relied on specific medical evidence to determine that Smith's healed fracture of the distal radius of the right forearm, history of displaced fracture of the right wrist, and tinnitus were not severe medical impairments. (Tr. 18.) The ALJ explained:

> [Smith's] records since the alleged onset date reflect generally conservative treatment for these conditions and few objective signs suggesting that these conditions cause significant functional limitations. With respect to her healed fracture of the right forearm, she fractured her right arm more than one year prior to the alleged onset date, and her records do not reflect sustained treatment for this condition after late 2015 (Ex. 15F at 3). With respect to her fracture of the right wrist, in June 2017, she had no complaints of pain in her right hand, and she noted that her right hand was "better" (Ex. 9F at 12). Additionally, her records do not reflect sustained treatment for this condition after that time. . . . Because these impairments do not result in significant work related limitations, they are not severe.

(Tr. 18.)

The Court has reviewed the entire transcript and the parties' briefs and finds that the ALJ gave good reasons, supported by substantial evidence, for finding that the fractures were not severe

medical impairments. The record reflects that Smith's surgical intervention for the right forearm fracture sustained in 2015 took place *before* the alleged onset date. Then, after the right wrist fracture sustained in 2017, Smith sought orthopedic treatment. Over the next several months, Smith had follow-up visits where her physician consistently documented improvement in Smith's right hand, including x-rays reflecting the healed fracture, Smith's subjective reports of less pain overtime and/or that her hand "feels better," and improved physical exams showing Smith gained full range of motion of all of her fingers, could make a fist with her right hand, and had no tenderness to palpation. Additionally, after considering Smith's impairments the ALJ still imposed an RFC of light work with additional physical limitations, including that Smith can only occasionally reach overhead on the right.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in Defendant's brief, the Court finds Smith's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI. Conclusion

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. (Docs. 1, 27.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED.**

　　　　　　　　　　　　　　　　　　　　　　NANNETTE A. BAKER
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of September, 2022.